UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK LINNEAR HAYS, | ) Case No. CV 15-4279-DMG (RNB) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| vs. | ) |
| RANDY L. TEWS, Warden, | ) |
| Respondent. | ) |

    Petitioner currently is incarcerated in this District pursuant to a conviction sustained in 1996 in the Northern District of Texas. On June 30, 2014, he filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody, ostensibly pursuant to 28 U.S.C. § 2241, in Case No. CV 14-5081-DMG (RNB).

    As best the Court could glean from the Petition and petitioner's accompanying memorandum in support of the Petition, petitioner was claiming that he was actually innocent of being either a career criminal offender or subject to sentencing under the federal three-strikes law because his prior burglary conviction under California Penal Code Ann. § 459 did not qualify as a "serious violent felony" under the Supreme Court's 2013 decision in <u>Descamps v. United States</u>, - U.S. -, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013); that his trial counsel rendered ineffective assistance when he failed to consult with a serologist or trace evidence expert to counter the

prosecution's forensic evidence; that his conviction resulted from tainted out-of-court identifications and the prosecution's use of perjured testimony; that he was actually innocent of the charged offenses, as shown by the affidavits of three alibi witnesses whom defense counsel failed to present at trial[1]; that his trial counsel rendered ineffective assistance when he failed to call a medical expert to testify regarding petitioner's physical capacity/limitations; and that he was denied counsel on direct appeal, in violation of his Sixth Amendment rights. Petitioner maintained that the Court had jurisdiction to entertain his § 2241 petition pursuant to the "savings clause" of § 2255.

In accordance with the Court's Order Requiring Response to Petition, respondent filed a Motion to Dismiss on August 29, 2014 on the following grounds: (1) The abuse of the writ and comity doctrines required dismissal of the Petition; (2) although styled as a § 2241 Petition, the Petition was actually a disguised successive § 2255 Petition which, therefore, should be dismissed; and (3) the Petition was time-barred under § 2255. Concurrently, respondent lodged various exhibits that had been referenced in the Motion to Dismiss.

After extensive briefing and supplemental briefing (and the lodging of additional exhibits by both sides), the Court issued a Report and Recommendation on May 21, 2015, in which it recommended that the action be dismissed without prejudice for lack of subject matter jurisdiction.[2]

Petitioner's time for filing objections to the Report and Recommendation in Case No. CV 14-5081-DMG (RNB) has not yet lapsed. However, on May 29, 2015,

---

[1] Of the three affidavits, only two (the affidavits of petitioner's son and daughter) actually purported to provide petitioner with an alibi for the day of the charged offense.

[2] Based on the lack of subject matter jurisdiction finding, the Court did not reach either of the other grounds for dismissal raised by respondent.

petitioner lodged for filing another Petition for Writ of Habeas Corpus, this time utilizing the approved Central District form for habeas petitions filed pursuant to 28 U.S.C. § 2254 by persons in state custody.

Subject matter jurisdiction over a habeas petition exists only when, at the time the petition is filed, the petitioner is "in custody" under the conviction challenged in the petition. See Maleng v. Cook, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989); Carafas v. LaVallee, 391 U.S. 234, 238, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968); Fowler v. Sacramento County Sheriff's Dep't, 421 F.3d 1027, 1033 n.5 (9th Cir. 2005); see also 28 U.S.C. §§ 2241(c)(3), 2254(a). Moreover, under 28 U.S.C. § 2254(a), only a person who is in custody pursuant to a judgment of a State court may apply for relief under that statute.

The burden of establishing subject matter jurisdiction rests with the party seeking to invoke the district court's jurisdiction. See, e.g., Ashoff v. City of Ukiah, 130 F.3d 409, 410 (9th Cir. 1997); Thornhill Pub. Co. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Johnson v. Washington, 2009 WL 151284, at *6 (W.D. Wash. Jan. 20, 2009) (habeas case). Moreover, the absence of subject matter jurisdiction may be raised by a district court sua sponte. See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial ¶ 2:18 (2015 rev. ed.).

Here, it appears from the face of the Petition that petitioner is not challenging a state court judgment of conviction. Indeed, it appears from petitioner's accompanying brief and exhibits that the state court case out of which his claims arise was dismissed. It therefore does not appear to the Court that there is any state court judgment from which § 2254 relief could be granted.

To the extent that what petitioner really is doing is challenging his current federal sentence on the ground that it was illegally enhanced based on the original California conviction, the Court takes judicial notice from the exhibits to the Petition and from the records in Case No. CV 14-5081-DMG (RNB) that petitioner unsuccessfully has been making variations of the same challenges to his sentence for

years. It is not this Court's function to review the decisions of the sentencing district court in Texas or the Fifth Circuit. Moreover, the Court would lack jurisdiction to entertain the Petition herein under 28 U.S.C. § 2241 pursuant to the "savings clause" of 28 U.S.C. § 2255 because, under the savings clause, petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted (i.e., the Texas robbery), not the sentence imposed. See Marrero v. Ives, 682 F.3d 1190, 1193-94 (9th Cir. 2012); Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir.), cert. denied, 540 U.S. 1051 (2003); Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000).

IT THEREFORE IS ORDERED that, on or before **July 15, 2015**, petitioner show cause in writing, if any he has, why this action should not be summarily dismissed for lack of subject matter jurisdiction.

DATED: June 12, 2015

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE